El Pueblo de Puerto Rico, demandante y apelado, *v.* José Roque Echevarría, acusado y apelante. El Pueblo de Puerto Rico, demandante y apelado, *v.* Pastor Ayéndez, acusado y apelante.

Núms. 7257 y 7258.—*Sometidos:* Noviembre 23, 1938.
*Resueltos:* Diciembre 8, 1938.

*Luis Mercader,* abogado de los apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

José Roque Echevarría fué denunciado en la Corte Municipal de Arecibo por un delito de acometimiento con circunstancias agravantes consistente en que allá por el 13 de enero de 1937 y en la ciudad de Arecibo, ilegal, voluntaria y maliciosamente y con intención de causarle grave daño corporal, hizo un disparo de revólver contra Pastor Ayéndez, sin lograr herirle.

Mientras se celebraba el juicio en la corte municipal declaró Pastor Ayéndez y en su testimonio hizo manifestaciones contrarias a las que anteriormente había hecho en el cuartel de la policía en presencia de otros testigos. Entendiendo el juez municipal que la declaración que ante él prestaba Ayéndez era contraria a la verdad y que dicha declaración era material a la causa que se juzgaba, lo procesó por desacato por perjurio y luego de seguir el procedimiento dispuesto por la ley lo declaró culpable y lo sentenció a cumplir tres meses de cárcel.

Oída la prueba en el caso de acometimiento grave, el acusado José Roque Echevarría fué sentenciado a pagar una multa de $75.

Uno y otro acusados apelaron de sus respectivas sentencias para ante la Corte de Distrito de Arecibo, la que después de celebrarles un juicio *de novo* los declaró culpables y les impuso $50 de multa a Echevarría por acometimiento con circunstancias agravantes y tres meses de cárcel a Ayéndez por desacato por perjurio.

Apelaron los acusados para ante este tribunal, y hallándose ambas causas íntimamente relacionadas, se consolidaron y se celebró la vista como si de un solo recurso se tratare.

Los apelantes fundan su recurso de apelación en que la corte de distrito cometió error manifiesto en la apreciación de la prueba.

De la evidencia resulta que en el juicio que se celebró en la Corte Municipal de Arecibo, declaró Carmelo González, policía insular, que con motivo de los sucesos que dieron lugar a la denuncia, Echevarría y Ayéndez fueron conducidos al cuartel y que allí, en presencia de Ramona Tull y otras personas, Ayéndez declaró que Echevarría le había hecho un disparo de revólver y mostró el pantalón que vestía, quemado por la bala. Declaró Ramona Tull que ella vivía muy cerca del sitio del suceso y que vió cuando Echevarría hizo el disparo desde el balcón de su casa. Posteriormente, durante el juicio, volvió a declarar que hallándose en el cuartel de la policía oyó a Ayéndez decir que Echevarría le había hecho un disparo de revólver y mostraba a la vez el pantalón que vestía, quemado por la bala.

Resulta además de la evidencia que Ayéndez, llamado a declarar por la defensa, manifestó que Echevarría no le había hecho ningún disparo ni oyó detonación alguna, que después de la riña su pantalón no tenía ninguna perforación ni lo mostró ni recuerda haberlo mostrado a Ramona Tull.

Otros testigos de descargo y el acusado Echevarría negaron la existencia del disparo.

Con esta evidencia el juez municipal dictó las sentencias de que antes hemos hecho mérito, y reproducida la misma prueba ante la Corte de Distrito de Arecibo, ésta dirimió el conflicto en contra de los acusados y dictó las sentencias que motivan estos recursos.

■ Se alega por la defensa que la declaración que en el cuartel hiciera Ayéndez no era admisible en evidencia por tratarse de una confesión y no haberse probado previamente que la misma había sido hecha voluntariamente después de advertido el acusado de sus derechos constitucionales.

Para que el delito de acometimiento en cualquiera de sus grados pueda realizarse, se necesitan por lo menos dos sujetos: el activo, que trata de realizar la agresión, y el pasivo, contra quien va dirigida la misma. En este caso Ayéndez era la supuesta víctima y por consiguiente no podía ser el acusado. Siendo ello así, las manifestaciones que él hiciera en el cuartel de la policía no podían tener carácter de confesión, pues ni tendían a demostrar que el que las hizo hubiera cometido delito alguno ni fueron hechas por una persona acusada de un delito. Si se utilizaron en el juicio por acometimiento con circunstancias agravantes, no fué para incriminar a Echevarría, en relación con el cual hubieran sido testimonio de referencia, sino solamente para impugnar la declaración de Ayéndez, demostrando con ellas que en ocasión anterior, en el cuartel, había hecho manifestaciones incompatibles con las que entonces hizo bajo juramento. Código de Enjuiciamiento Civil, sección 521.

■ La declaración de la testigo presencial, Ramona Tull, era suficiente para sostener la sentencia dictada contra el apelante José Roque Echevarría. La corte sentenciadora, que la oyó declarar y pudo apreciar su conducta en la silla testifical y comparar y analizar su declaración conjuntamente con las de los demás testigos, le dió entero crédito, y al así hacerlo, no encontramos que actuara con pasión, prejuicio o parcialidad ni que cometiera error alguno. Artículo 380, Código de Enjuiciamiento Civil.

La misma declaración de Ramona Tull, así como la del policía Carmelo González, sobre las manifestaciones que en el cuartel hiciera Ayéndez, son suficientes·para sostener la sentencia que contra este último se dictó por el delito de desacato por perjurio.

*Procede, por lo· expuesto, desestimar ambos recursos y confirmar las dos sentencias apeladas.*

El Juez Presidente Señor Del Toro no intervino.